UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

# 00-06146
## CIV-ZLOCH

**MAGISTRATE JUDGE SELTZER**

LUTCHMIE SUPAN,
on behalf of herself
and all others similarly
situated,

    Plaintiff,

vs.

WASHINGTON MUTUAL BANK, F.A.,
a federal association,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LUTCHMIE SUPAN, on behalf of herself and all others similarly situated, by and through her undersigned counsel, and sues the Defendant, WASHINGTON MUTUAL BANK, F.A., and for her cause of action declares and aver as follows:

1. The Plaintiff, LUTCHMIE SUPAN (hereinafter referred to as "SUPAN"), is a former employee of Defendant, WASHINGTON MUTUAL BANK, F.A., and brings this action on behalf of herself and all other employees of Defendant similarly situated to her, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as "FLSA").

2. SUPAN is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court.



3.  Defendant, WASHINGTON MUTUAL BANK, F.A., is a federal association and Federally chartered savings bank, engaged in the business of banking in the State of Florida and elsewhere, and within the jurisdiction of this Court.

4.  Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

5.  At all times material hereto, Defendant had an annual gross volume of business done of not less than $500,000.00.

6.  By reason of the foregoing, Defendant was and is, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and §203(s).

7.  The additional persons who may become Plaintiffs in this action are those employees of Defendant, similarly situated to SUPAN, subjected to the payroll practices and procedures described in the paragraphs below.

8.  At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §201-19 in that SUPAN, and those non-exempt employees similarly situated to SUPAN, performed hours of service for Defendant, for which no provision was made by Defendant to properly pay SUPAN, and those employees similarly situated to SUPAN.

9.  In or about January, 1998, SUPAN became employed by Defendant as a result of Defendant's purchase and takeover of Great Western Bank, which at the time employed SUPAN. At the time of Defendant's purchase and takeover of Great Western Bank, SUPAN was employed by Defendant as a personal financial representative. In or about June, 1998, SUPAN became a teller operations supervisor, and she remained a teller operations supervisor until her termination on or about December 27, 1999.

10. The position of teller operations supervisor primarily involves job duties and responsibilities also performed by ordinary tellers. In fact, only a small fraction of SUPAN's work as a teller operations supervisor involved work not ordinarily performed by any other teller. Accordingly, all tellers and teller operations supervisors employed by Defendant are similarly situated to SUPAN.

11. At all times material hereto, SUPAN, as an employee of Defendant and by virtue of her duties as a teller operations supervisor, was engaged in commerce or in the production of goods for commerce within the meaning of §§3(b) and (j) of the FLSA, 29 U.S.C. §203(b) and §203(j). The work performed by SUPAN was directly essential to the operations of Defendant in interstate commerce.

12. As a teller operations supervisor, SUPAN was compensated on an hourly basis at the approximate rate of $13.50 per hour.

13. In the course of her employment as a teller operations supervisor with Defendant, SUPAN, and other similarly situated tellers and teller operations supervisors of Defendant, worked the number of hours required of them, many times in excess of forty (40), but were not properly paid overtime. Moreover, Defendant's supervisory personnel, including, but not necessarily limited to, Kandice Jones, either refused to permit SUPAN, and, upon information and belief, other similarly situated employees, to record the number of hours worked in excess of forty (40) or expressly instructed SUPAN, and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40), both in clear violation of Defendant's record-keeping obligations under the FLSA, specifically §211(c).

14. The pay practices of Defendant as described in the above paragraph violated the FLSA by failing to properly pay overtime compensation of time and one-half (½) to SUPAN and other similarly situated employees for those hours worked in excess of forty (40).

15. As a result of Defendant's violation of the FLSA's record keeping requirements, as described above, Defendant has failed to keep and/or maintain accurate time records for SUPAN and all other similarly situated employees. Nevertheless, whatever records may exist concerning the number of hours worked by SUPAN, and all other similarly situated employees, including tellers and teller operations supervisors, and the compensation actually paid to such employees, are in the exclusive possession and sole custody and control of Defendant, and SUPAN is unable to state at this time the exact amount due and owing herself or each similarly situated employee. SUPAN proposes to obtain such information by appropriate discovery to be taken promptly in this case.

## COUNT I - RECOVERY OF UNPAID OVERTIME PURSUANT TO THE FAIR LABOR STANDARDS ACT

16. SUPAN reavers and realleges all allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

17. SUPAN is entitled to be paid time and one half for each hour worked in excess of forty (40) per work week and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate work week in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated employees are similarly owed their overtime

4

rate, calculated properly, for those overtime hours they worked and for which they were not properly paid.

18.  By reason of the said unlawful acts of Defendant, all Plaintiffs (SUPAN and those similarly situated to her) have suffered damages plus incurred costs and reasonable attorneys' fees.

19.  As a result of Defendant's violation of the FLSA, all Plaintiffs (SUPAN and those similarly situated to her) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

20.  Because Defendant's violation of the FLSA was, and, upon information and belief, continues to be, willful, all SUPAN and those similarly situated to her are entitled to their damages for a period of up to three (3) years preceding the date of filing of this lawsuit.

WHEREFORE, Plaintiffs, LUTCHMIE SUPAN and those employees similarly situated to her, who have or will opt into this action, pray that this Honorable Court declare Defendant's above-described actions to be in violation of the FLSA, enjoin Defendant from further engaging in such violations, enter judgment against Defendant, WASHINGTON MUTUAL BANK, F.A., for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, plus liquidated damages, reasonable attorneys' fees and costs of suit, and grant such other relief the Court deems just and proper, including pre-judgment interest.

**SUPAN DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this ⎯⎯ day of January, 2000.

Respectfully submitted,

MUCHNICK WASSERMAN DOLIN & LEVINE, LLP.
Attorneys for Plaintiff
4000 Hollywood Boulevard, Suite 620-North
Hollywood, Florida  33021
(954) 989-8100 Broward;(305) 624-9100 Dade;
(954) 989-8700 Fax

By: _____
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

# CIVIL COVER SHEET

**00-06146**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-ZLOCH**

## I (a) PLAINTIFFS

LUTCHMIE SUPAN, on behalf of herself and all others similarly situated

## DEFENDANTS

WASHINGTON MUTUAL BANK, F.A. a federal association

**MAGISTRATE JUDGE SELTZER**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A. Broward / 0:00cv6146 / Zloch / Seltzer

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-989-8100

Muchnick, Wasserman, Dolin & Levine, LLP.
4000 Hollywood Blvd., Suite 620 N
Hollywood, FL 33021

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FLSA, 29 U.S.C. §201, et. seq.

IVa. 3-5 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Refiled  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 1,000,000.00

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 1-28-00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. _____ Amount: _____ Date Paid: 1/31/00 M/ifp:

UNITED STATES DISTRICT COURT
S/F I-2