UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06146-CIV-ZLOCH
MAGISTRATE JUDGE SELTZER

LUTCHMIE SUPAN, etc.,

    Plaintiff,

vs.

WASHINGTON MUTUAL BANK,
F.A., etc.,

    Defendant.
_____/



## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Washington Mutual Bank, F.A. ("Washington Mutual") answers plaintiff's complaint as follows:

1. Washington Mutual admits that plaintiff is a former employee of Washington Mutual, but denies that she is entitled to any relief on behalf of herself or others under the FLSA.

2. Washington Mutual is without sufficient knowledge to admit the allegations contained in paragraph 2.

3. Washington Mutual admits the allegations contained in paragraph 3.

4. Washington Mutual admits that this Court has jurisdiction over this matter.

5. Washington Mutual admits the allegations contained in paragraph 5.

6. Washington Mutual admits that it engages in interstate commerce for purposes of the FLSA.

7. Washington Mutual denies the allegations contained in paragraph 7.

8. Washington Mutual denies the allegations contained in paragraph 8.

STEEL HECTOR & DAVIS LLP

9. Washington Mutual admits that plaintiff became an employee of Washington Mutual after the merger with Great Western Bank, admits that she was a financial services representative at that time, and that in July 1998, plaintiff became a teller operations supervisor, and she remained in that position until her employment terminated on or about December 27, 1999.

10. Washington Mutual denies the allegations contained in paragraph 10.

11. Washington Mutual admits that plaintiff was "engaged in commerce or in the production of goods for commerce" for purposes of the FLSA.

12. Washington Mutual admits that her last salary, converted to an hourly rate, at the time that her employment terminated was approximately $13.50 per hour.

13. Washington Mutual denies the allegations contained in paragraph 13.

14. Washington Mutual denies the allegations contained in paragraph 14.

15. Washington Mutual denies the allegations contained in paragraph 15.

16. Washington Mutual realleges its answers to paragraphs 1 through 15 above.

17. Washington Mutual admits that the FLSA applied to plaintiff in relation to overtime requirements, but denies each and every remaining allegation contained in paragraph 17.

18. Washington Mutual denies the allegations contained in paragraph 18.

19. Washington Mutual denies the allegations contained in paragraph 19.

20. Washington Mutual denies the allegations contained in paragraph 20.

Washington Mutual denies every remaining allegation contained in the complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All or part of plaintiff's claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

If plaintiff somehow proves that Washington Mutual acted in violation of the Fair Labor Standards Act, such action was in good faith and was based on a reasonable belief that if such action was not a violation of the Fair Labor Standards Act, and thus liquidated damages would not be warranted.

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Defendant
200 South Biscayne Boulevard
Miami, Florida 33131-2398
Telephone: (305) 577-2871
Telecopier: (305) 577-7001

BY: _____
Mark R. Cheskin, P.A.
Florida Bar No. 708402

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 22 day of February, 2000, to Daniel R. Levine, Esq., Muchnick, Wasserman, Dolin & Levine LLP, 4000 Hollywood Boulevard, Suite 620-North, Hollywood, Florida 33021.

BY: _____
Mark R. Cheskin, P.A.

MIA_1998/564241-1

STEEL HECTOR & DAVIS LLP