UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUTCHMIE SUPAN, etc.        CASE NO.   00-6146-CIV-ZLOCH

    Plaintiff

v.

WASHINGTON MUTUAL BANK,
F.A., etc.

    Defendant

                                     /

ORDER ON
TRIAL INSTRUCTIONS

FILED by _____ D.C.
FEB 25 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    SUA SPONTE, the court hereby enters trial instructions to counsel of record. The Order is necessitated both by the Court's observations and the Court's hope that this Order will inform the lawyers what will be expected of them in the courtroom. It is
    ORDERED AND ADJUDGED:
    1. The Court expects counsel to stand when addressing the Court unless excused by the Court. Counsel will not approach the bench without permission of the Court. Counsel are also to obtain permission before approaching the witness stand. Counsel shall stand no closer to witness than edge of counsel table.
    2. Redirect and rebuttal are not to be a repetition of direct or the case in chief.
    3. Recross examination will not be permitted unless a clear showing is made that manifest injustice would otherwise occur.
    4. Objections to questions shall succinctly state the basis for the objection, e.g., leading, repetitive, ambiguous. No explanations of objections or speaking objections in the presence of the jury will be permitted. If further explanation is necessary, please request a sidebar conference.
    5. Sidebar conferences are held at the discretion of the Court; counsel are reminded that requests for them are not automatically granted.
    6. The Court prefers that counsel use the lectern as much as practicable in order to help the jury hear all of the questions.
    7. In all jury cases the Court expects requested jury instructions, together with verdict forms in civil cases, to be submitted no later than the beginning of the trial.
    8. In all non-jury/bench trials, the parties are required to provide the Court with proposed Findings of Fact and Conclusions of Law at the commencement of the trial. The parties shall also provide the Court with memoranda of law concerning any unique issues of law or fact involved in their case.
    9. The following instructions will govern voir dire:
        (a) The Court will conduct the general questioning of the jury basically following the Federal Judicial Center's suggested questions. If counsel have proposed voir dire questions, they must be submitted to the Court at least one full working day prior to the start of the Trial. If the voir dire process develops areas counsel would like to have pursued by further questions, counsel may write out the questions and submit them to the clerk; the Court will consider whether to ask the questions of the jury. Counsel may be permitted to ask questions of prospective jurors during the jury selection process at the discretion of the Court.
        (b) In criminal cases, the parties shall be allotted the number of preemptory challenges



provided by Rule 24(b), Fed. R. Crim. P. If there are multiple defendants, the defendants may be allotted additional challenges to be exercised jointly.

In civil cases, each party shall have the number of challenges provided by 28 U.S.C. § 1870 unless determined otherwise at the pretrial conference.

(c) Each side shall have one additional preemptory challenge if one or two alternate jurors are to be selected which are to be used for the alternates only.

(d) Please excuse the juror the first chance you have an opportunity to do so. There will be no "striking back" allowed. For example, if you strike jurors numbered 2,4,6, and 8, the Court assumes you have accepted jurors numbered 1,3,5,7,9,10,11, and 12.

10. All parties will premark the exhibits they intend to introduce. In civil cases, the numbers must conform to the pretrial exhibit list. <u>Only the exhibits listed in the Pretrial Stipulation or Unilateral Pretrial Catalog shall be permitted for use at trial. Any objection to an exhibit and the reason for the objection must be filed in writing prior to the Pretrial Conference or it shall be deemed waived</u>.

11. Do not advise jury in opening or closing statement that they may ask to have testimony "read back," as the Court ordinarily does not allow courtroom testimony to be repeated by the court reporter.

12. Do not request the court reporter to read back testimony without prior permission of the Court.

13. Counsel are reminded of Local Rule 11.1E which reads as follows:

> Before, during, and after trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. Provided, however, after the jury has been discharged, upon application in writing and for good cause shown, the Court may allow counsel to interview jurors to determine whether their verdict is subject to legal challenge. In this event, the Court shall enter an Order limiting the time, place, and circumstances under which the interviews shall be conducted.

14. The parties remain under a continuing obligation to inform the Court of any settlement in the case.

15. Any Stipulation entered into by the parties shall be in writing and signed by all parties, corporate representatives <u>and</u> counsel.

<u>See also</u> Code of Professional Responsibility DR 7-108(D) and EC 7-29.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _25th_ day of ___February___, 2000.

_____
WILLIAM J. ZLOCH
United States District Judge

cc:

Daniel R. Levine, Esq.
Mark R. Cheskin, Esq.

2