UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6146-CIV-ZLOCH
Magistrate Judge Seltzer



LUTCHMIE SUPAN,
on behalf of herself
and all others similarly
situated,

Plaintiff,

vs.

WASHINGTON MUTUAL BANK, F.A.,
a federal association,

Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Plaintiff, LUTCHMIE SUPAN, by and through her undersigned

counsel, and pursuant to Local General Rules 7.1.A and 26.1.H, hereby files her Motion

To Compel Discovery and Incorporated Memorandum of Law, and as grounds therefor

states as follows:

1.    On or about January 31, 2000, Plaintiff caused to be filed her Complaint and

Demand for Jury Trial, on behalf of herself and all others similarly situated, seeking

damages for unpaid overtime and other relief based upon Defendant's violations of the Fair

Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2.    On or about March 30, 2000, Plaintiff caused to be served upon Defendant

her First Request for Production to Defendant, WASHINGTON MUTUAL BANK, F.A.



-1-

3.     On or about May 16, 2000, the Defendant, WASHINGTON MUTUAL BANK,

F.A., caused to be served upon Plaintiff its Response to Plaintiff's First Request for

Production.

4.     Included among Plaintiff's First Requests for Production, and the Defendant's

Responses thereto, were the following:

**Plaintiff's Request #2** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, documents, regardless of by whom prepared, which relate to the number of hours worked by current and former tellers and teller supervisors during any period of time since January 1997.

**Defendant's Response #2** - Washington Mutual objects to request 2 as being overbroad and burdensome and not likely to lead to admissible evidence.

**Plaintiff's Request #5** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, daily time records, time slips, time cards or other records maintained by Defendant indicating the time current and former tellers and teller supervisors arrived at work, were on break, were at lunch or departed from working during any period of time since January 1997.

**Defendant's Response #5** - Washington Mutual objects to request 2 [sic - 5] as being overbroad and burdensome and not likely to lead to admissible evidence.

**Plaintiff's Request #8** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, for each pay period since January 1997, paychecks, pay reports, pay stubs, computer reports, printouts or other documents indicating the amount paid to current and former tellers and teller supervisors, the number of hours worked by current and former tellers and teller supervisors, deductions from current and former tellers' and teller supervisors' compensation and the periods for which current and former tellers and teller supervisors were absent from work.

**Defendant's Response #8** - Washington Mutual objects to request 2 [sic - 8] as being overbroad and burdensome and not likely to lead to admissible evidence.

-2-

**Plaintiff's Request #9** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, payroll practice guidelines, recordkeeping guidelines, directives, e-mail, memoranda or other documents to supervisors or other managerial personnel relating to the number of hours worked by tellers and teller supervisors of Defendant, policies and practices of Defendant with respect to payment of overtime compensation to tellers and teller supervisors, and the policies and practices of Defendant relating to maintenance of records of hours worked by tellers and teller supervisors for any period of time since January 1997.

**Defendant's Response #9** - Washington Mutual objects to request 2 [sic - 9] as being overbroad and burdensome and not likely to lead to admissible evidence.

**Plaintiff's Request #10** - Form W-2s or 1099s prepared for Plaintiff by Defendant.

**Defendant's Response #10** - Washington Mutual objects to request 10 as not likely to lead to admissible evidence.

**Plaintiff's Request #12** - Documents or records relied upon as a basis for denying any of Plaintiff's Request for Admissions.

**Defendant's Response #12** - Washington Mutual objects to request 12 as being vague and overbroad.

**Plaintiff's Request #13** - The corporate or organizational chart of Defendant, WASHINGTON MUTUAL.

**Defendant's Response #13** - Washington Mutual objects to request 13 as not likely to lead to admissible evidence.

**Plaintiff's Request #14** - Documents which describe the jobs performed by Plaintiff, the positions held by Plaintiff, the job performed by Plaintiff's supervisor(s) or manager(s), and the jobs performed by any employee supervised by Plaintiff.

**Defendant's Response #14** - Washington Mutual objects to request 14 as being overbroad and not likely to lead to admissible evidence.

**Plaintiff's Request #15** - Documents setting forth rules, regulations and policies adopted by Defendant, WASHINGTON MUTUAL, relating to the time, form or manner in which Plaintiff is to perform her job.

**Defendant's Response #15** - Washington Mutual objects to request 15 as being overbroad and not likely to lead to admissible evidence.

5.    Also, on or about March 30, 2000, Plaintiff caused to be served upon

Defendant her First Set of Interrogatories.

6.    Also on or about May 16, 2000, Defendant caused to be served upon Plaintiff

its Responses to Plaintiff's First Set of Interrogatories.

7.    Included among Plaintiff's First Set of Interrogatories, and the Defendant's

Responses thereto, were the following:

**Plaintiff's Interrogatory #4** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, please identify all individual(s) who in or after January 1997 were responsible for maintaining or who participated in the maintenance of records of (i) the number of hours worked by employees, (ii) the rate of regular and overtime pay of employees, (iii) the amount of regular and overtime pay of employees, (vi) the number of hours for which employees were absent from work, and (v) the length of an employee's lunch period or other period(s) from which the employee was absent from work during a business day. This interrogatory specifically includes individuals who were employees of Defendant, WASHINGTON MUTUAL, but who are no longer employed by Defendant, WASHINGTON MUTUAL. If any such individuals are no longer employed by WASHINGTON MUTUAL, please provide their last known residential address and phone number.

**Defendant's Response to Interrogatory #4** - Defendant objects to interrogatory 4 as being beyond the scope allowed by Local Rule 26.1 (G)(2). Washington Mutual further objects because this interrogatory is overbroad, burdensome, and is not likely to lead to admissible evidence.

**Plaintiff's Interrogatory #5** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, please identify all individuals with knowledge as to the time, form, manner and amount in which Plaintiff,

-4-

and other current and former tellers and teller supervisors of Defendant, WASHINGTON MUTUAL, since January 1997 were compensated by Defendant, WASHINGTON MUTUAL, and for each, provide the nature and substance of the knowledge of this/these person(s). If any such individuals are no longer employed by WASHINGTON MUTUAL, please provide their last known residential address and phone number.

**Defendant's Response to Interrogatory #5** - Defendant objects to interrogatory 5 as being beyond the scope allowed by Local Rule 26.1 (G)(2). Washington Mutual further objects because this interrogatory is overbroad, burdensome, and is not likely to lead to admissible evidence.

**Plaintiff's Interrogatory #6** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, if Defendant maintains records of the number of hours worked by Plaintiff and current and former tellers and teller supervisors of Defendant since January 1997, describe those records, the manner in which such records were compiled, the name of individual(s) responsible for compiling those records, the place at which such records are maintained and the name, address, and phone number of the person who has custody of such records.

**Defendant's Response to Interrogatory #6** - Defendant objects to interrogatory 6 as being beyond the scope allowed by Local Rule 26.1 (G)(2). Washington Mutual further objects because this interrogatory is overbroad, burdensome, and is not likely to lead to admissible evidence.

**Plaintiff's Interrogatory #7** - Please identify all corporate representatives with knowledge relevant to Defendant's overtime compensation policy.

**Defendant's Response to Interrogatory #7** - Defendant objects to interrogatory 7 as being beyond the scope allowed by Local Rule 26.1 (G)(2). Washington Mutual further objects because this interrogatory is overbroad, burdensome, and is not likely to lead to admissible evidence.

**Plaintiff's Interrogatory #8** - Limited to any branch or banking center at which Plaintiff was employed by Defendant, please identify by name and last known address each and every current and former teller and teller supervisor of Defendant, who worked for Defendant during any time period since January 1997.

**Defendant's Response to Interrogatory #8** - Defendant objects to

interrogatory 8 as being beyond the scope allowed by Local Rule 26.1 (G)(2). Washington Mutual further objects because this interrogatory is overbroad, burdensome, and is not likely to lead to admissible evidence.

8.    On or about June 1, 2000, based upon the Defendant's above-referenced Responses, and pursuant to the good-faith obligation requirement of Local General Rule 26.1.I, Plaintiff's counsel sent Defendant's counsel correspondence in an attempt to confer with Defendant's counsel in a good faith effort to resolve by agreement the issues raised in the instant Motion. A copy of this correspondence is attached hereto as Exhibit "A."

9.    **However, to date, Plaintiff's counsel's June 1, 2000 correspondence has gone completely unanswered, and thus Defendant's counsel has failed to fulfill his reciprocal obligation to confer in good faith regarding discovery matters as required by Local General Rule 26.1.I.**

10.    Plaintiff submits that Defendant's actions in this discovery dispute have been wholly lacking in good faith, and are just thinly veiled attempts to thwart and obstruct Plaintiff's legitimate discovery efforts.

## MEMORANDUM OF LAW

### A.    General Discovery Principles.

Discovery is governed basically only by the relevancy standard; that is, information is discoverable if it is relevant or reasonably likely to lead to the discovery of admissible evidence. See, e.g. Burns v. Thiokol Chemical Corp., 483 F. 2d 300 (5th Cir. 1973) (keynote of federal discovery rules is open disclosure of all potentially relevant information, and tests for relevancy of materials to be discovered is not admissibility); U.S. v. Wright Motor Co., 536 F. 2d 1090 (5th Cir. 1976) (test of relevancy for purposes of discovery

-6-

under Rule 26(b)(1) is broader than tests for admissibility at trial so that a party may discover information that is not admissible at trial, if such information will have some probable effect on organization and presentation of moving party's case".[1]

## B.   Plaintiff's Requests for Production Seek Discoverable Documents.

### 1.   Request Nos. 2, 5 and 8

These three (3) Requests seek documents which relate to the number of hours worked by current and former employees of the Defendant during any period of time since January 1997, geographically limited to Plaintiff's branch, or banking center.   The Defendant objects to these Requests on the grounds that they are overbroad, burdensome and not likely to lead to admissible evidence.

The FLSA, 29 U.S.C. § 216(b), allows for an individual plaintiff to bring a claim for unpaid overtime on behalf of herself and all other employees of the defendant similarly situated.   Furthermore, the FLSA provides that a court can facilitate notification of a pending action for unpaid overtime to such similarly situated individuals.   *See Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991).

Against the backdrop of this unique "collective action" mechanism, this Court's sister district considered this precise discovery issue in *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994). In *Tucker*, an FLSA case, the plaintiff served discovery requests not unlike the ones at issue in the case at bar.   Indeed, the plaintiff sought the names of all employees of the defendant who were not exempt pursuant to the terms of FLSA, as well

---

[1]   These cases are binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F. 2d 1206 (11th Cir. 1981).

as the names and addresses of employees of the defendants who were due overtime

compensation but did not receive it. The plaintiff sought this information, among other

reasons, for the purpose of facilitating court-supervised notice to other employees of the

defendant who might wish to join into the lawsuit.

In analyzing this discovery issue, the *Tucker* court noted that, generally speaking,

discovery for such purposes is proper, citing *Hoffmann La Roche, Inc. v. Sperling*, 493 U.S.

165 (1989). The court then correctly noted the Eleventh Circuit's standard for "collective

actions" pursuant to § 216(b) of the FLSA:

> [T]hose employees whom are "'similarly situated' with respect
> to their job requirements and with regard to their pay
> provisions" to the Plaintiffs may properly be notified of the
> action and their right to "opt-in."

*Tucker*, 155 F.R.D. at 689 (quoting *Dybach*, 942 F.2d at 1567-68).

With that background in mind, the *Tucker* court then recognized that:

> While a showing will have to be made that employees of the
> defendant located elsewhere are similarly situated to the
> current plaintiff before a notice can properly issue to
> employees outside of the Jacksonville, Florida terminal, *it
> appears plaintiffs are at least entitled to discovery of these
> employees so that may make such a showing.*

*Tucker*, 155 F.R.D. at 689-90.

Likewise, in the instant case, the Plaintiff is entitled to the discovery at issue

concerning the Defendant's current and former employees similarly situated to Plaintiff

herself, *who worked at any branch, or banking center, where Plaintiff herself worked*, so

that she might make a showing that there are similarly situated employees to whom the

-8-

Court should issue notice of their right to opt-into this lawsuit.[2] Indeed, preventing Plaintiff from obtaining this critical information at this early discovery stage will place Plaintiff in a "Catch-22" when it comes to seeking notification: Defendant will most certainly attempt to argue that Plaintiff has not provided enough evidence to satisfy the Eleventh Circuit's *Dybach* test for notification;[3] however, any such evidentiary infirmity in Plaintiff's request for notification would be the result of Defendant's failure to provide the discovery in question. Obviously, such an absurd outcome cannot possibly comport with the Eleventh Circuit's clear endorsement of notification to potential class members, nor with simple principles of fundamental fairness.

In addition to the published decision in the *Tucker* case, the Southern District of Florida has also approved of the discovery at issue. In the case styled *Jacqueline Mintz v. NationsBank, N.A.*, Case No. 98-8632-CIV-DIMITROULEAS, Magistrate Judge Vitunac granted precisely the same type of discovery which is currently at issue in the case *sub judice*.[4] Magistrate Judge Vitunac's discovery order was subsequently affirmed by Judge Dimitrouleas. Copies of these Orders are attached hereto as Composite Exhibit "B" for the Court's convenience. In addition, in the case styled *Juliet Aldred v. NationsBank, N.A.*,

---

[2]    Besides the fact that these other employees may be eligible, and might wish to join in this lawsuit, these individuals may also have knowledge concerning the amount of hours Plaintiff worked.

[3]    In *Dybach*, the Eleventh Circuit enunciated a two part analysis which must be conducted when evaluating a motion to allow notification. It must be demonstrated that a) there exist individuals similarly situated to the named plaintiff(s), b) who may desire to "opt-in" if notified of their right to do so. 942 F.2d at 1567-68.

[4]    Magistrate Judge Vitunac also granted the plaintiff's request for reasonable attorneys' fees and costs incurred in having to bring the motion to compel.

-9-

Case No. 97-7547-CIV-DIMITROULEAS, Magistrate Judge Johnson similarly granted separate motions to compel with respect to the same sort of discovery presently at issue. See Orders dated February 2, 1999 and March 26, 1999, attached hereto as composite Exhibit "C." Magistrate Judge Johnson's discovery orders were also subsequently affirmed by Judge Dimitrouleas. See Orders dated September 2, 1998 and September 24, 1999 attached hereto as composite Exhibit "D."

Based on the foregoing, it is clear that Plaintiff is entitled to discovery related to individuals similarly situated to the Plaintiff herself who worked at any of Defendant's branches or banking centers where Plaintiff herself worked. The documents requested, relating to current and former employees similarly situated to Plaintiff, are relevant and discoverable in this potential collective action.

2.    Request No. 9

This Request concerns all payroll practice guidelines, record-keeping guidelines, directives, e-mail, memoranda or other documents to supervisors or other managerial personnel relating to the number of hours worked by tellers and teller supervisors of Defendant, including policies and practices with respect to payment of overtime compensation. The Defendant objects to this Request on the grounds that it is overbroad, burdensome and not likely to lead to admissible evidence.

However, Defendant has failed to specify exactly why the requested discovery is "overbroad" or "burdensome." As one court has stated, in overruling similar unsupported discovery objections:

> The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. . . . While a party may be required to

-10-

> expend a substantial period of time in responding to a discovery request, an unsubstantiated allegation that a substantial period of time would be required to respond to the request does not carry the objecting party's burden. Discovery requests in every case require a significant amount of time for response.

*Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997) (internal citations omitted).[5]

In any event, Request No. 9 is neither overbroad or burdensome. Instead, it is narrowly tailored to seek unquestionably relevant information, and is appropriately limited in temporal scope. *See, e.g., Alexander v. F.B.I.*, 186 F.R.D. 21, 36 (D. D.C. 1998) (overruling "overly broad" and "unduly burdensome" discovery objections where request at issue was specific in terms of subject matter and limited to the relevant time period).

Plaintiff has alleged that she was not properly paid overtime compensation for all hours worked in excess of forty (40) per week. Moreover, Plaintiff asserts that Defendant's supervisory personnel, including, but not necessarily limited to, Kandice Jones, either refused to permit Plaintiff, and, upon information and belief, other similarly situated employees, to record the number of hours worked in excess of forty (40) or expressly instructed Plaintiff, and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40), both in clear violation of Defendant's record-keeping obligations under the FLSA, specifically §211(c). *See* Complaint ¶20.

Quite clearly, then, all of the requested documents regarding Defendant's policies and procedures for overtime compensation, recording of hours, and hours worked for tellers and teller supervisors, are relevant and discoverable. Accordingly, Defendant must

_____

[5]      Defendant similarly fails to expand on its boilerplate "overbroad" and "burdensome" objections to Request Nos. 2, 5, 8, 12, 14, and 15.

be compelled to produce documents responsive to Request No. 9.

### 3. Request No. 10

This Request seeks Form W-2s or 1099s prepared for Plaintiff by Defendant. Defendant's relevancy objection is spurious, in light of the fact that Plaintiff's remuneration from Defendant, or lack thereof as the case may be, is integral to the issues in this lawsuit. At the risk of belaboring the obvious, Plaintiff has alleged that she was unlawfully denied overtime compensation. Therefore, documents responsive to Request No. 10, reflecting Plaintiff's overall compensation, are relevant, reasonably calculated to lead to the discovery of admissible evidence, and discoverable.

### 4. Request No. 12

Plaintiff's Request No. 12 requests all documents upon which Defendant relies as a basis for denying any of Plaintiff's Request for Admissions. Defendant objects, claiming the Request is "overbroad" and "vague." Once again, though, these objections are simply boilerplate window dressing, unsubstantiated allegations without any evidentiary support. In fact, the Request is perfectly comprehensible and, if any responsive documents exist, same are clearly relevant. If, in answering Plaintiff's Requests for Admissions, Defendant relied on any documentation, then Plaintiff is obviously entitled to such documentation. Defendant must be compelled to produce documentation responsive to Request No. 12.

### 5. Request No. 13

This Request concerns the Defendant's corporate or organizational structure. Defendant objects to this request on the grounds that it is not likely to lead to admissible evidence. Defendant's objection is misguided, and responsive documents are in fact relevant.

If Defendant's unlawful failure to properly pay Plaintiff overtime compensation was known, condoned, and/or endorsed by Defendant's managerial personnel, including personnel at multiple levels throughout the corporate hierarchy, same would be relevant to the issues of willfulness[6] and good faith,[7] and would also tend to impact the size of the class in this potential collective action.[8]

### 6.    Request Nos. 14 and 15

These two (2) Requests seek documents which describe the jobs performed and positions held by Plaintiff, the job performed by Plaintiff's supervisor(s) or manager(s), and the jobs performed by any employee supervised by Plaintiff. In addition, these Requests seek documents setting forth rules, regulations and policies adopted by Defendant relating to the time, form or manner in which Plaintiff is to perform her job. The Defendant objects

---

[6]    A "willful" violation of the FLSA results in a three (3) year statute of limitations, as opposed to two (2) years. See 29 U.S.C. §255(a). In *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988), the Supreme Court defined willful violations as those where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

[7]    The FLSA, 29 U.S.C. §216(b), provides that "[a]ny employer who violates the provisions of ... section 207 of this title shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation .. and in an additional equal amount as liquidated damages." However, 29 U.S.C. §260 provides a good faith defense to employers to an award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." "[L]iquidated damages are mandatory absent a showing of good faith." *United States v. McKennon*, 814 F.2d 1539, 1539 (11th Cir.1987)

[8]    For example, if, at the notification stage, Plaintiff evidences that *other* branch managers, at branches other than those where Plaintiff worked, subjected their subordinate hourly employees to FLSA violations and the unlawful failure to pay overtime compensation, then clearly notification must include any employees who worked under these other branch managers.

to these Requests on the grounds that they are overbroad and not likely to lead to admissible evidence.

Documents regarding Plaintiff's job description, positions held by Plaintiff, jobs performed by Plaintiff's supervisor(s) or manager(s), and the jobs performed by any employee supervised by Plaintiff are clearly relevant and discoverable in this action. Also relevant are any and all documents setting forth rules, regulations and policies adopted by Defendant relating to Plaintiff's job performance, particularly with regard to the issue of Plaintiff's actual hours worked. These documents are pertinent to the non-exempt nature of Plaintiff's work, and may provide probative evidence relating to the number of hours Plaintiff actually worked. Furthermore, documents regarding Plaintiff's supervisors and managers may lead to admissible evidence with regard to the willfulness and good faith issues attendant to damages. *See Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494 (D. Conn. 1985) (plaintiff's request for personnel policy manuals in effect is clearly reasonable and defendant should comply if it has not already done so).

## C.    Plaintiff's Interrogatories Seek Information Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.

### 1.    *Interrogatory Nos. 4, 5, 6 & 7*

Local General Rule 26.1(G)(2) states, "At the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge or information relevant to the subject matter of the action, the nature and substance of such knowledge,...and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature....".

-14-

In accordance with Local General Rule 26.1(G)(2), each of these Interrogatories simply asks for the identification of individuals with knowledge or information relevant to the subject matter of this action. Thus Defendant's objection based on the Local Rule is absurd.[9] Also, Defendant's "overbroad" and "burdensome" objections are specious and inconsequential without detailed, substantiated evidentiary support. Indeed, Plaintiff's counsel gave Defendant's counsel the opportunity to address this issue further, see Plaintiff's counsel's June 1, 2000 correspondence attached hereto as Exhibit "A," but no explanation, elaboration, or evidentiary support was forthcoming. This is not surprising since the Interrogatories are neither overbroad nor burdensome. Indeed, Interrogatory Nos. 4, 5, and 6 are specifically limited in scope to any branch or banking center at which Plaintiff was employed by Defendant.

The relevancy of Interrogatory Nos. 4, 5, 6, and 7 is manifest. The subject matter areas delineated in these Interrogatories each involve critical issues in this lawsuit, to wit, the number of hours worked by Plaintiff and other employees, the compensation received by Plaintiff and other employees, the manner in which Defendant compensated Plaintiff and other employees, and Defendant's overtime compensation policy.

Importantly, notwithstanding the collective action nature of the case *sub judice*, all of the witnesses at issue in Interrogatory Nos. 4 through 7 are certainly potential witnesses with respect to Plaintiff's individual claim. Indeed, in *Vivone v. Acme Markets, Inc.*, 105

---

[9]     In addition to the identification of witnesses, Interrogatory No. 6 also seeks the identification, description, and location of several relevant documents, which is unquestionably permitted by Local General Rule 26.1(G)(2). Indeed, the Local Rule specifically allows interrogatories directed towards the "existence, custodian, location and general description of relevant documents."

F.R.D. 65 (E.D. Pa. 1985), the court recognized that such broad discovery is warranted in order to bolster a plaintiff's own individual claim by attempting to prove a pattern or practice, as well as to set the stage for a free flow of information to potential additional plaintiffs, noting that this type of statute is remedial in nature, the implementation of which should not be discouraged. *Id.* at 68.

2.    *Interrogatory No. 8*

Plaintiff's Interrogatory No. 8 asks the Defendant to identify each and every current and former teller and teller supervisor of Defendant, who worked for Defendant during any time period since January 1997, *limited to any branch or banking center where Plaintiff herself was employed.* Defendant's relevancy objection is not well taken. For purposes of authorizing notification, and pursuant to *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562 (11th Cir. 1991), Plaintiff must demonstrate the existence of similarly situated persons desirous of opting-into this collective action. Accordingly, Plaintiff is plainly entitled to the information requested in order to make such a showing. *See Tucker v. Labor Leasing, Inc.,* 155 F.R.D. 687 (M.D. Fla. 1994). *See also, supra,* pp. 7 - 10. Predictably, Defendant also objects to Interrogatory No. 8 by asserting that same is "overbroad" and "burdensome." Also predictably, Defendant provides no evidentiary support for these ubiquitous objections. Accordingly, these objections are without any merit whatsoever. *See Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D. Kan. 1997) (a party must specifically evidence how discovery is overly broad, burdensome or oppressive).

**D.    Conclusion.**

Based on the above, it is painfully obvious that the Defendant has failed to make the

-16-

slightest effort to comply with the discovery in question, despite a good faith effort by Plaintiff's counsel to resolve disputed issues with Defendant's counsel. Therefore, an order compelling the discovery sought by the instant Motion is appropriate. Moreover, Plaintiff would submit that an appropriate sanction should be imposed on Defendant, including an order to pay Plaintiff the reasonable expenses, including a reasonable attorneys' fees, incurred as a result of the lack of good faith demonstrated by Defendant's conduct in failing to comply with Local General Rule 26.1.I

WHEREFORE, the Plaintiff, LUTCHMIE SUPAN, respectfully requests that this Honorable Court grant her Motion to Compel, enter an Order compelling Defendant to provide the discovery at issue, award Plaintiff her reasonable costs and attorney's fees incurred in having to prepare and file this Motion to Compel, and take such further action as it deems just and proper.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN & LEVINE, LLP
Attorneys for Plaintiff
4000 Hollywood Boulevard
Suite 620N
Hollywood, Florida 33021
Broward (954) 989-8100
Dade (305) 624-9100
Facsimile (954) 989-8700

By: _____

DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

-17-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by fax

and by U.S. Mail upon Mark Cheskin, Esq., Steel Hector & Davis, 200 S. Biscayne

Boulevard, Suite 4000, Miami, Florida 33131-2310 this __/__day of July, 2000.

MUCHNICK, WASSERMAN,
DOLIN & LEVINE, LLP
Attorneys for Plaintiff
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
Broward (954) 989-8100
Dade (305) 624-9100
Fax (954) 989-8700

By: _____

DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

-18-



**MUCHNICK**
**WASSERMAN**
**DOLIN &**
**LEVINE, LLP**
Attorneys At Law

Sanford L. Muchnick, P.A.
Susan L. Dolin, P.A. **
Daniel R. Levine, P.A.

Adam S. Chotiner
Andrea L. Cohan
Merle Litman (1926-19**)

* Certified Family Law Mediator
** Also Admitted Ohio Bar

June 1, 2000

Mark Cheskin, Esq.
Steel Hector & Davis
200 S. Biscayne Boulevard
Suite 4000
Miami, Florida 33131-2310

### Re:  *Supan v. Washington Mutual Bank, F.A.*

Dear Mr. Cheskin:

I am in receipt of Washington Mutual's Response to Plaintiff's First Request for Production and Response to Plaintiff's First Set of Interrogatories. This letter shall serve as my good faith effort, pursuant to Local General Rule 26.1.1, to resolve the issues raised by the aforementioned discovery responses.

As an initial matter, I note that the Responses to Request for Production Nos. 1, 3, 4, 6, 7, and 11 each indicate a willingness to produce requested documents. Please arrange for the documents to be copied and sent to us, with an invoice for reasonable copying charges of course.

### Requests for Production

With regard to Request for Production Nos. 2, 5, and 8, and the Responses, thereto, allow me to remind you that this is a potential collective action under the FLSA. Thus, the documents requested, relating to current and former employees similarly situated to Ms. Supan, are relevant and discoverable. *See, e.g., Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994). Also, since these Requests are appropriately limited in geographic and temporal scope, I fail to see how they are in any way overly broad or burdensome.

I am puzzled by the Defendant's Response to Request No. 9. Ms. Supan has alleged that she was not properly paid overtime compensation for all hours worked in excess of forty (40) per week. Obviously, then, all of the requested documents regarding Defendant's policies and procedures for overtime compensation, recording of hours, and hours worked for tellers and teller supervisors, are relevant and discoverable. Since, once again, this Request is specifically and properly limited in geographic and temporal scope, I simply do not understand the "overbroad" and "burdensome" objections.

**EXHIBIT**
**ALL-STATE LEGAL®**
**A**

Reply to

☑ Hollywood Office • Presidential Circle
4000 Hollywood Boulevard • Suite 620 North • Hollywood, Florida 33021
Broward (954) 989-8100 • Dade (305) 624-9100 • Fax (954) 989-8700

☐ Boca Raton Office • 1 Boca Place
2255 Glades Road • Suite 200 East • Boca Raton, Florida 33431
Boca Raton (561) 989-0054 • Broward (954) 989-8100 • Fax (561) 989-3234

Website: mwdl-law.com • E-mail: attorneys@mwdl-law.com

Mark Cheskin, Esq.,
June 1, 2000
Page 2

With regard to Request No. 10, the requested documents are in fact relevant, inasmuch as this case involves the wages paid to Ms. Supan. Please provide the requested documents.

As to the Defendant's Response to Request No. 12, please advise why, specifically, this Request is vague and overbroad. I believe the Request is straightforward: if, in denying any of Plaintiff's Request for Admissions, Defendant relies on any documentation, Request No. 12 asks that such documentation be produced.

Allow me to explain the relevance of Request No. 13. If Defendant's failure to properly pay overtime compensation to Ms. Supan was known or condoned by Defendant's management personnel above the branch manager level, then same would be relevant to the issues of willfulness and good faith, and would also tend to impact the size of the class in this potential collective action. Accordingly, the requested documents, explaining or reflecting the structure of Defendant's corporate hierarchy, are relevant and discoverable.

The documents asked for by Request No. 14 are relevant, inasmuch as same are pertinent to the non-exempt nature of Ms. Supan's work. Also, these documents may provide probative evidence relating to the number of hours Ms. Supan actually worked.

The foregoing paragraph also applies to the Response to Request No. 15, particularly with regard to the issue of Ms. Supan's actual hours worked.

*Interrogatories*

As an initial matter, with respect to the Defendant's Responses to Plaintiff's First Set of Interrogatories, I would note that Interrogatory Nos. 4, 5, 6, 7, and 8 each seek the identity of witnesses with knowledge relevant to the subject matter of this action. As such, they are well within the ambit of Local General Rule 26.1(G)(2). In addition, Interrogatory No. 6 also seeks the identification, description, and location of relevant documents, also permitted by Local General Rule 26.1(G)(2).

With regard to Interrogatory Nos. 4, 5, 6, and 7, the subject matter of same are clearly relevant to the subject matter of this action. At the risk of belaboring the point, in a lawsuit alleging widespread, unlawful failure to properly pay overtime compensation, issues such as time records, amounts of compensation, and overtime policies will lie at the heart of the matter. Moreover, as with Plaintiff's Requests for Production, these Interrogatories are appropriately limited in geographic and temporal scope. Importantly, notwithstanding the collective action nature of this action, all of the witnesses at issue in these Interrogatories are certainly potential witnesses with respect to Ms. Supan's individual claim.

Mark Cheskin, Esq.,
June 1, 2000
Page 3

Speaking of the collective action nature of this lawsuit, Interrogatory No. 8 is, as you know, geared towards same. More specifically, for purposes of authorizing notification, since pursuant to *Dybach v. State of Florida Department of Corrections*, 942 F. 2d 1562 (11th Cir. 1991), Ms. Supan must demonstrate the existence of similarly situated persons desirous of opting-into this collective action, she is of course entitled to the information requested by Interrogatory 8 in order to make such a showing. *See Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994).

In closing, I would request that you review the contents of this letter with your client, along with the discovery, and supplement the Responses within seven (7) days of receipt of this correspondence.

If I do not hear from you within such time. I will have no other choice but to request the Court's intervention in this discovery dispute, in which case I will not only seek an Order compelling the discovery sought, but also attorney's fees and reasonable expenses incurred in having to formulate and file a Motion to Compel.

Thank you for your attention to this matter.

Very truly yours,

Daniel R. Levine, Esq.
For the Firm

DRL/ks

cc: Lutchme Supan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO.: 98-8632-DIMITROULEAS/VITUNAC

JACQUELINE MINTZ,
on behalf of herself and
all others similarly situated.

        Plaintiff,

NATIONSBANK, N.A.,
a national association.

        Defendant.

_____

## ORDER

THIS CAUSE is before the Court on order of reference from United States

District Judge William P. Dimitrouleas "for appropriate disposition of all pretrial

discovery motions, all non-case dispositive motions filed under Fed. R. Civ. P. 12, 13, 14

and 15, and all motions that relate directly to these motions, such as motions for

extension of time, motions for reconsideration, motions for sanctions, and motions for

mental or physical examinations." (DE 20.)

Before the Court is Plaintiff's Motion to Compel Discovery. (DE 23.) On

February 19, 1999, Defendant timely filed a Response in Opposition (DE 24) to which

Plaintiff filed a Reply on March 17, 1999. The matter is ripe for adjudication.



EXHIBIT
B

## BACKGROUND

Plaintiff Jacqueline Mintz initiated this action on behalf of herself and, pursuant to 29 U.S.C. § 216(b), all other employees of the Defendant NationsBank. N.A. who were or are not exempt from the provisions of the Fair Labor Standards Act of 1938. as amended. 29 U.S.C. § 201 *et seq*. Her complaint alleges that Defendant employed her and others similarly situated to her as "Consumer Banker Is" (also known as Consumer Banker Associates) for periods longer than forty hours per week without paying them at a rate of at least one and one-half times their regular pay rate, contrary to the requirements of 29 U.S.C. § 207. (Compl., DE 1.) Sometime after the Complaint was filed, Plaintiffs Linda Frost and Leslie Van Brandt Tucker, two former employees of the Defendant, consented to join the action. That is, both Frost and Van Brandt "opted-in" to this collective action pursuant to the Act's provisions.

At issue are two of Plaintiffs' interrogatories. The first interrogatory states:

Please identify all Consumer Banker Is and Consumer Banker Associates (including formers [sic]) who were employed at any of the branches at which the Plaintiffs were employed as of after September 10. 1995, and for each former. provide their last known residential address and telephone number.

(Mot to Compel, DE 23 at 3.) Defendant responds: "Objection. The Interrogatory is overly broad. The information sought is irrelevant to this litigation and will not lead to relevant, admissible evidence." *Id.* at 3. The next interrogatory is identical to the first. however, it is tailored to those branches in which Plaintiff Van Brandt was employed. *Id.* Defendant has the same objection to this interrogatory.

2

laintiff's Motion to Compel argues that the interrogatories seek the names and

s of witnesses that may assist in obtaining information to show that Defendant

tern or practice of "refusing to allow employees to record their actual hours

on their time card, or instructing them against such recordation." (Mot. to

. DE 23 at 5.) Moreover, Plaintiff seeks this information "for the purpose of

ng court-supervised notice to other employees of the defendants [sic] who might

hed to join the action." *Id.* at 5. Finally, Plaintiff requests that their fees and

urred in bringing this motion be taxed against Defendant as sanctions.

efendant argues that Plaintiff's discovery request is premature. (Response, DE

According to Defendant, the information that Plaintiff seeks "is irrelevant at this

the proceeding as Mintz has made no showing, much less any supporting factual

ns, that there are any individuals who are similarly situated to her." *Id.*

r, Defendant contends that should the Court grant the motion to compel, the Court

simultaneously prohibit Mintz's counsel from contacting the individuals whose

re disclosed without prior court approval." *Id.* at 8.


## DISCUSSION

Discovery for purposes of facilitating court-supervised notice to other similarly

employees who may wish to join a class action is proper. *See Hoffmann-La*

*ic v. Sperling,* 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989) ("The District

3

Court was correct to permit discovery of the names and addresses of the discharged

employees."). In *Tucker v. Labor Leasing, Inc* ,155 F.R.D. 687 (M.D. Fla. 1994), the

district court, dealing with facts analogous to this case under the Fair Labor Standards

Act, allowed discovery of the names and addresses of potential class action members.

There, the court held that it was not premature to disclose the names and addresses before

the plaintiff made a showing of similarly situated individuals. *Id.* at 689. The court held:

> while a showing will have to be made that employees of the Defendants located
> elsewhere are similarly situated to the current Plaintiffs before a notice can
> properly issue to employees outside of the Jacksonville, Florida, terminal, it
> appears Plaintiffs are at least entitled to discovery of these employees so that they
> might make such a showing.

*Id.* Moreover, the Court finds no apparent reason to forbid Plaintiff from contacting

potential class members. As the *Tucker* court noted: "Plaintiffs would be hard pressed to

prove there are similarly situated employees who desire to join this lawsuit if they can

have no contact with any of these employees to inquire about their desires one way or the

other." *Id.*

Attorneys' fees and expenses must be awarded when compelling discovery unless

the party was substantially justified in resisting discovery. *See* Fed. R. Civ. P.

37(a)(4)(A); *Maddow v. Procter & Gamble Co., Inc*, 107 F.3d 846, 853 (11th Cir.

1997). Substantially justified means that reasonable people could differ as to the

appropriateness of the contested action. *See Pierce v. Underwood*, 487 U.S. 552 (1988).

Here, the Defendant's argument that Plaintiff has failed to show that there are any

4

individuals who are similarly situated puts the cart before the horse. Discovery is needed on that issue.

The Court has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED and ADJUDGED that Plaintiff's Motion to Compel (DE 23) is hereby GRANTED. Defendant shall serve answers to the respective interrogatories within thirty (30) days from the date of this Order. Plaintiff's request for costs and fees is GRANTED. Plaintiff is awarded her reasonable costs and fees incurred in bringing the motion to compel. The exact amount of fees and costs shall be determined at the close of litigation upon the filing of an affidavit of fees and costs by the Plaintiff and reply thereto by Defendant.

DONE AND ORDERED in chambers at West Palm Beach in the Northern Division of the Southern District of Florida this ____ day of April, 1999.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copy to page attached.

5

Copy to:

Susan L. Dolin
4000 Hollywood Blvd., Suite 620 North
Hollywood, FL 33021

Gary K. Harris
390 North Orange Ave., Suite 1390
Orlando, FL 32801

John Smith
3730 NationsBank Ave.
Charlotte, NC 28280

Michael T. Burke
790 E. Broward Blvd., Suite 400
PO Box 030220
Fort Lauderdale, FL 33303-0220

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8632-CIV-DIMITROULEAS

JACQUELINE MINTZ et al.,
on behalf of herself and all
others similarly situated,

Magistrate Judge Johnson

Plaintiffs.

vs.



NATIONSBANK, N.A.,
a national association,

Defendant.

_____

## ORDER ALLOWING NOTIFICATION OF POTENTIAL CLASS MEMBERS

THIS CAUSE is before the Court upon Defendant's Appeal [DE 36] of Magistrate Judge Vitunac's Order granting Plaintiffs' motion to compel and for attorney's fees [DE 31], Plaintiffs' Motion to Allow Notification to Potential Class Members [DE 42], and Plaintiffs' Motion to Waive Time Requirements of and grant immediate hearing on their motion [DE 43]. The Court has carefully considered the motions, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiffs' complaint asserts a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §216, ("FLSA") for employees who were employed as a Consumer Banker I for defendant Nationsbank. Plaintiffs filed a motion to allow notification to potential class members under the "opt-in" class action provision allowed under Section 216(b). Defendant opposes the motion, arguing that Plaintiffs have not provided evidence that there are similarly situated persons, and that Plaintiffs have waited too long to file the instant motion.

### II. DISCOVERY APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions. Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."

(S.D.Ga.1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 133 (11th Cir.1995). Accordingly, unless Magistrate Judge Vitunac's determinations with respect to the discovery matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.

The underlying motion to compel by Plaintiffs sought the names of persons who held similar positions to Plaintiffs. This Court agrees with the conclusions of Judge Vitunac that such information is essential to establish Plaintiff's right to bring this case as a collective action. In fact, this Court's ruling in the Aldred v. Nationsbank case denying class notification due to the absence of evidence of other similar situated employees implies that discovery of such names be allowed. Thus, Judge Vitunac's Order is affirmed.

### III. MOTION FOR CLASS NOTIFICATION

Turning now to Plaintiffs' Motion for Class Notification, it is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991) (noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

2

Turning to the first step of the <u>Dybach</u> test, it is clear that there are at least five (5) other

similarly situated employees who desire to opt-in. Although the number of such individuals is

less than the <u>Levine v. Nationsbank</u> case (about 25 at the time of the motion to allow

notification), wherein this Court granted such a motion, it is more than the <u>Aldred</u> case (zero),

wherein this Court denied such a motion. Thus, the court is satisfied that there are other

Consumer Banker I employees during the relevant period who desire to opt-in to this case.

As to the second step of <u>Dybach</u>, the issue before the court is whether Consumer Banker I

employees are similarly situated with respect to their job requirements and with regard to their

pay provisions for purposes of allowing notification to potential class members were due

overtime or were exempt under the FLSA. The Plaintiffs have presented sufficient evidence to

satisfy the Court that Nationsbank's corporate personnel department treated all Consumer Banker

I employees the same as far as their job requirements and pay requirements. The court notes that

the Eleventh Circuit has held that while plaintiffs bear the burden of demonstrating a "reasonable

basis" for a class-wide action, the burden "is not heavy." <u>Grayson v. K Mart Corporation</u>, 79

F.3d 1086, 1097 (11ª Cir. 1996). While individual differences will certainly exist as to the hours,

duration and location worked by individual plaintiffs, those differences go to the issue of

damages, not job requirements and pay requirements. Therefore, the Court will allow

notification of potential class members, to be issued separately.[1]

### IV. CONCLUSION

The Court is satisfied, pursuant to <u>Dybach</u>, that there are other Consumer Banker

employees of the defendant who desire to opt-in and who are similarly situated with respect to

their job requirements and with regard to their pay provisions. This determination should not be

---

[1] The Court notes that the parties have not discussed any geographic limitations on the
potential class members to be notified, i.e., limited to Consumer Banker I employees within the
the Southern District of Florida or the state of Florida, as opposed to nationwide notification.
Given the evidence presented, the Court sees no need to arbitrarily place a geographic limit on
potential class members to be notified.

3

interpreted as a ruling on the merits of plaintiff's case, but merely on plaintiff's burden necessary to allow notification of potential class members. Two additional observations are necessary. First, although the Court will allow the notice to refer to "Consumer Banker I and/or Consumer Banker Associate," the Court wishes to make clear that these two categories should be equivalent, that is, a Consumer Banker II, III, or IV is NOT a "Consumer Banker Associate" for purposes of opting-in to this class action. As these parties are aware, Consumer Bankers II, III and IV are in the Levine v. Nationsbank case, where the opt-in deadline has passed. Second, prior court approval is required for further contact with potential class members after this initial court-approved notice.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1.   Defendant's Appeal [DE 36] of Magistrate Judge Vitunac's Order granting Plaintiffs' motion to compel and for attorney's fees [DE 31] is hereby OVERRULED, and the Magistrate Judge's Order is hereby AFFIRMED to the extent not inconsistent with this order;

2.   Plaintiffs' Motion to Allow Notification to Potential Class Members [DE 42] is hereby GRANTED;

3.   Plaintiffs' Motion to Waive Time Requirements of and grant immediate hearing on their motion [DE 43] is hereby DENIED;

4.   By October 12, 1999, Defendants shall provide to Plaintiffs the name, last known address, and phone number of all those employed by defendant as a Consumer Banker I or Consumer Banker Associate during any time after September 1, 1995.

5.   As soon as that information is provided, a notice, in the form attached as Exhibit A to Plaintiffs' Motion to Allow Notification, with the modifications explained below, shall be mailed via first class mail to each individual to whom a notice must be mailed pursuant to this Order, shall be made at the sole cost and expense of plaintiffs and shall allow each

individual about 90 days in which to file their Notice of Consent.

6.  The following modifications must be made by Plaintiffs to the notification to potential class members: a) On the first page, fourth paragraph, beginning "If you were employed," the words "on or after September 1, 1995," shall be inserted after "Consumer Banker Associate." (This limitation is in line with the statute of limitations for Fair Labor Standards Act actions, although the Court does not decide statute of limitations issues at this time); b) the deadline for receipt of consents on page 2 shall be January 14, 2000; and 3) the address for counsel Caryl Boies may be changed to her current address

7.  Plaintiffs shall compose a Notice of Consent to accompany the notification form. Such notice shall contain space for potential class members to submit, at a minimum, their name, current address, residency address if different from mailing address, signature, and date of signature.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of September, 1999.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Daniel R. Levine, Esq./Susan Dolin, Esq
Gary Harris, Esq.
Caryl L. Boies, Esq.
Michael T. Burke, Esq.
Richard F. Kane, Esq./John Smith, Esq.
Bruce Steen, Esq.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-7547-CIV-DIMITROULEAS

JULIET ALDRED, etc., et al,

    Plaintiff,

vs

NATIONSBANK, N.A.,

    Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Discovery (Docket Entry No. 88). Having reviewed the pleadings filed incident to this matter and being otherwise duly advised in the premises, it is hereby

ORDERED AND ADJUDGED that said motion is GRANTED as follows. The geographic scope of the request is limited to those branches of Defendant where recent opt-in Plaintiffs, Diana M. Orrel, Doreen Paris-Fischer and Maria E. Nunez, worked. Just as Plaintiff Aldred was permitted to discover the identity of tellers who worked at the same branches where she was employed, opt-in Plaintiffs Orrel, Paris-Fischer and Nunez are entitled to similar discovery. Defendant's objections on the basis of timeliness are rejected. Defendant is ordered to respond to the subject discovery within fifteen (15) days from the date hereof.

DONE AND ORDERED on February 2, 1999, in Chambers, at Miami, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE


EXHIBIT
C

CC:   The Honorable William P. Dimitrouleas
      Michael T. Burke, Esquire
      Daniel R. Levine, Esquire
      Caryle Boise, Esquire
      Richard F. Kane, Esquire

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   97-7547-CIV-DIMITROULEAS

JULIET ALDRED,

    Plaintiff,

vs

NATIONSBANK, N.A.,

    Defendant.
_____/

ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Discovery (Docket

Entry No. 94). Having reviewed the pleadings filed incident to this matter and being

otherwise duly advised in the premises, it is hereby

ORDERED AND ADJUDGED that said motion is GRANTED. Defendant is directed

to provide full and complete responses to Plaintiff's third set of Interrogatories within fifteen

days (15) from the date hereof.

DONE AND ORDERED on March 26, 1999, in Chambers, at Miami, Florida.


LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:   The Honorable William P. Dimitrouleas
      Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-7547-CIV-DIMITROULEAS

JULIET ALDRED, on behalf of
herself and all others similarly
situated,

　　　　Plaintiffs,

vs.

NATIONSBANK, N.A.,

　　　　Defendant.

_____



FILED by _____ D.C.

SEP 0 2 1998

⁣⁣⁣⁣

## OMNIBUS ORDER

THIS CAUSE is before the Court upon the following motions:

1. Plaintiff's Motion to Allow Notification to Potential Class Members Pursuant to 29

U.S.C. § 216(b) [DE 29];

2. Plaintiff's Motion to Correct Scrivener's Error in Complaint [DE 31], which the Court

construes as the Plaintiff's Motion for Leave to Amend; and

3. Plaintiff's Motion to Reconsider and Objections to Magistrate Judge's June 23, 1998

Order [DE 46];

The Court has carefully considered the motions and is otherwise fully advised in the

premises.

## I. BACKGROUND

The plaintiff, Juliet Aldred, a former employee and bank teller with Nationsbank, filed

the instant action asserting a claim for unpaid overtime under the Fair Labor Standards Act, 29

U.S.C. § 216, ("FLSA") on behalf of herself and all others similarly situated. Aldred alleges that

she and other similarly situated current and former non-exempt employees worked the number of



EXHIBIT

D

hours required of them, many times in excess of forty (40), but were not paid overtime. Aldred

further alleges that Nationsbank supervisory personnel either refused to permit her to record the

number of hours she worked in excess of forty (40) or simply instructed the plaintiff that she was

not allowed to record the number of hours she worked in excess of forty (40), both in clear

violation of Nationsbank's record-keeping obligation under the FLSA. Nationsbank denies the

allegations and further asserts that it has a policy in place that overtime must be calculated on a

completed work-week and paid at time and a half for hours worked over forty (40). To date, no

other plaintiffs have opted-in the present action as permitted by 29 U.S.C. § 216(b).

## II. DISCUSSION

### A. Notification of Putative Class Members

Aldred has filed the instant motion seeking leave of this Court to notify all potential class

members, pursuant to 29 U.S.C. § 216(b), that they have the right to opt-in the present action.

Aldred has defined the potential class, without any geographic limitation, as "all current and

former non-exempt employees" of Nationsbank.

Section 216(b) of the FLSA provides that an action for unpaid overtime compensation

may be maintained by "any one or more employees for and on behalf of [themselves] . . . and

other employees similarly situated." It is settled in this Circuit that a district court has the

authority under the FLSA to issue an order requiring notice of an action to such similarly situated

persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991)

---

[1] The Court also has a separate class action. Levine v. Nationsbank, Case No. 98-6306
(S.D. Fla.), brought by consumer banker employees, who were classified as exempt employees,
against Nationsbank for unpaid overtime compensation under the FLSA. These plaintiffs are
also represented by the same attorneys representing Aldred. In the Levine case, twenty-five
individuals had already elected to opt-in prior to this Court's resolution of the plaintiffs' motion
to allow notification of potential class members.

2

(noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). Before determining whether to exercise such discretion, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. The Eleventh Circuit has held that while plaintiffs bear the burden of demonstrating a "reasonable basis" for a class-wide action, the burden "is not heavy." Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996); Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983). If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Dybach, 942 F.2d at 1568.

Turning to the first step of the Dybach test, Aldred has provided no support that any other non-exempt employees would desire to opt-in to the present action. Rather, Aldred asserts that she needs some discovery to obtain the names of other similarly situated employees in order to ascertain whether they would wish to opt in. The Court will address the discovery issue below. At this point in the litigation, however, the Court is not satisfied that there are other non-exempt employees who desire to opt-in this case.

Turning to the second step of the Dybach test, the parties dispute whether there are other similarly situated employees with respect to their job requirements and with regard to their pay provisions. Specifically, Aldred argues that each non-exempt employee who performed services for Nationsbank on or after December 15, 1994, three years prior to the filing of the instant

3

lawsuit,[2] is a similarly situated employee. Aldred also asserts she has served an interrogatory upon Nationsbank requesting the identity of such potential class members.

The defendants respond by asserting the potential class is overbroad and such potential class members are not similarly situated to Aldred. Specifically, Nationsbank argues that Aldred's employment position code was one of 223 non-exempt job codes used in Florida and there were 899 different job codes for non-exempt personnel nationwide. Further, Nationsbank notes as of December 31, 1997, there were 4,991 non-exempt employees in Florida and 52,353 non-exempt employees nationwide.

In support of her motion, Aldred has submitted an affidavit from herself, an affidavit from Jason Royal, a former consumer banker employee with Nationsbank, and a transcript of a deposition of Cindy Harrowitz, a Nationsbank Regional Sales Support Manager. The Court finds that these affidavits and transcripts, along with the other support provided by Aldred, are not sufficient to satisfy this Court that there are other employees of Nationsbank who are similarly situated with respect to their job requirements and with regard to their pay provisions. Dybach, 942 F.2d at 1567-1568; see also Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir.1983) (finding that unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores owned by employer not sufficient to authorize notice to other potential class members).

At the outset, the Court notes that Aldred does not dispute that Nationsbank had a written policy of compensating non-exempt employees who worked and recorded in excess of forty

---

[2] The Court notes that the statute of limitations continues to run with respect to any individual who may wish to opt-in to the present action until such individual files a written consent to specifically opt-in to the present action. Grayson v. K Mart Corporation, 79 F.3d 1086, 1106 (11th Cir. 1996).

4

hours in a workweek an overtime wage rate of one and one-half times the regular hourly rate.

Rather, Aldred alleges there was an unwritten policy of preventing non-exempt employees from

reporting such overtime hours. At this point, Aldred has not provided any support that this

alleged unwritten policy was either a corporate policy from the upper management of

Nationsbank or a widespread practice among several Nationsbank's branches. Moreover, the

only allegations to date are by Aldred that this practice occurred in the branches where she

worked. Therefore, the Court finds that Aldred has failed to provide any support that there were

other similarly situated non-exempt employees who were subjected to the same unwritten

practices which violate the FLSA, other than at the branches where she worked.

The Court further notes that Aldred was employed as a bank teller, which was only one of

numerous categories of non-exempt employees. Aldred has provided no support for the

proposition that all non-exempt employees, regardless of the job description and requirements,

are similarly situated to bank tellers. The Court notes that the numerous categories of non-

exempt jobs would encompass different job responsibilities, salaries, and locations. Most

importantly, in light of the allegation of an unwritten policy of supervisors prohibiting employees

from reporting overtime hours, the various non-exempt employees would report to different

supervisors. Therefore, the Court finds that at a minimum, any potential class should be limited

to Aldred's employment position of bank teller.

Turning to the affidavits and transcripts, Aldred's affidavit states that the practices

complained of occurred "no matter at which branch [she] worked." Aldred states she was

employed by Nationsbank from January 1996 to November 1997, or approximately 100 weeks.[3]

---

[3] Nationsbank argues that Aldred admitted in her deposition that she did not work any
overtime at the Coral Ridge or Deerfield branches. Aldred attempts to refute this argument. For

Although not stated in her affidavit, Aldred's complaint estimates the total number of overtime hours she worked (in excess of forty hours each week) totaled only fifty hours for the entire period she was employed by Nationsbank, or approximately one hour of overtime every other week. This is insufficient to establish a widespread practice of directing employees not to record and be compensated for hours which the employees actually worked. Further, while Aldred's affidavit also states there were other non-exempt persons she knew of who were not permitted to record their overtime hours, she has not provided affidavits from these individuals nor have any of these individuals sought to opt-in to the present action. See Tucker v. Labor Leasing, Inc., 872 F.Supp. 941, 948-949 (M.D. Fla.1994).

Moreover, neither the affidavit of Jason Royal nor the transcript of Cindy Haimowitz provide much additional support. Jason Royal was an exempt employee who states that several non-exempt employees complained to him that they were required to work overtime but were not allowed to record their overtime hours. However, he fails to give any names and his statement is merely unsupported hearsay. Further, the testimony of Cindy Haimowitz was that Nationsbank prohibited the practices complained of by Aldred. She testified that she became aware of only one instance where an employee worked more than forty hours without recording the overtime. However, this employee received compensation in the form of additional vacation (comp time) in another week. This isolated instance is certainly not sufficient to establish the widespread practice alleged by Aldred.

Finally, Aldred asserts that she has been denied discovery concerning other potential class members, which has hampered her ability to establish the existence of other similarly

---

purposes of the present motion, the Court assumes that Aldred had unreported overtime at all branches where she worked.

situated employees. This argument has some merit, and as discussed below, the Court will permit some limited discovery. At this stage of the proceedings, however, it appears that the plaintiff is merely on a fishing expedition. Therefore, the Court will not permit the widespread notification of numerous current and former employees of Nationsbank of the present action without the sufficient showing under Dybach.

### B. Motion to Correct Scrivener's Error/ Motion for Leave to Amend Complaint

Aldred has filed a motion to correct scrivener's error asserting the original complaint contained scrivener's errors she now seeks to correct. Nationsbank has responded asserting the scrivener's errors amount to an attempt to amend the complaint. This Court agrees, and therefore, the Court will construe the motion as a motion for leave to amend.

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Nationsbank asserts that the time period for filing any amendments passed one month prior to the filing of the present motion, and therefore, any amendment to the complaint would be untimely. The Court notes, however, that the case is not set for trial until November 1998. Accordingly, the Court will grant Aldred leave to file the Corrected Complaint as an Amended Complaint.

## C. Discovery Objections

On June 23, 1998, Magistrate Judge Linnea R. Johnson issued an Order granting Aldred's

Motion to Compel in all respects except for the following two interrogatories:

> 6. Please identify all employees (including former employees) who were
> terminated or resigned from employment with Defendant, NATIONSBANK, for
> the last three (3) years who held the same or similar position Plaintiff held with
> Defendant, and for each, provide their last known residential address and
> telephone number.

> 10. Please identify every past and present "Teller" of Defendant, who worked for
> Defendant since December 15, 1994.

Aldred asserts this information is necessary to determine whether other similarly situated

employees exist. To a limited extent, this Court agrees.

As noted above, the Court finds that any potential class members are limited to current or

former bank tellers. Further, the Court notes that Aldred has agreed to limit her discovery

requests to branches located in Broward County, Florida. The Court notes that Aldred has

provided some support for her allegations that the complained of practices occurred at the

branches where she worked as a teller. The Court further notes that former and current tellers at

these branches may have relevant information concerning Aldred's own claim. Therefore, the

Court will permit limited discovery of tellers who were employed at the same branches where

Aldred worked. This information should also provide Aldred with sufficient information to find

additional plaintiffs to opt-in and meet the requirements of Dybach, if possible.

III. CONCLUSION

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion to Allow Notification to Potential Class Members Pursuant to 29

U.S.C § 216(b) [DE 29] is hereby DENIED, without prejudice, for leave to refile at a later point

if Aldred can meet the requirements for such notification under Dybach.

2. Plaintiff's Motion to Correct Scrivener's Error in Complaint [DE 31], which the Court

construes as the Plaintiff's Motion for Leave to Amend, is hereby GRANTED and the Plaintiff's

Corrected Complaint [annexed to DE 31] is deemed filed; and

3. Plaintiff's Motion to Reconsider and Objections to Magistrate Judge's June 23, 1998

Order [DE 46] is hereby GRANTED in part and DENIED in part as follows:

A. Within fifteen (15) days of the date of this Order, the Defendant shall respond to

Plaintiff's Interrogatories 6 and 10 solely with respect to all bank tellers who worked at

the same branches as Aldred after December 15, 1994; and

B. In all other respects, Plaintiff's Motion to Reconsider and Objections to Magistrate

Judge's June 23, 1998 Order [DE 46] is hereby DENIED;

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida, this _____ day of

September, 1998.

WILLIAM P. DIMITROULEAS
United States District Judge

9

Copies furnished to:

Susan L. Dolin, Esq.
Daniel R. Levine, Esq.
Richard F. Kane, Esq.
Gary K. Harris, Esq.
Michael T. Burke, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-7547-CIV-DIMITROULEAS

JULIET ALDRED, on behalf of
herself and all others similarly situated,

    Plaintiffs,

vs.

NATIONSBANK, N.A.,

    Defendant.

_____

## ORDER OVERRULING OBJECTIONS AND
## AFFIRMING MAGISTRATE JUDGE'S ORDERS

THIS CAUSE is before the Court upon the Defendant's Appeal [DE 100] from and
Objections to Order of Magistrate Judge Linnea R. Johnson [DE 96] granting Plaintiff's Motion
to Compel and Defendant's Appeal [DE 111] from Order of Magistrate Judge Linnea R. Johnson
granting Plaintiff's Motion to Compel. The Court has carefully considered the appeals and
objections and is otherwise fully advised in the premises.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive
motions. Upon objection by a party, the District Court may reconsider any pretrial matter where
it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."
See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388
(S.D.Ga.1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or
contrary to law), aff'd, 65 F.3d 183 (11th Cir.1995). Accordingly, unless Magistrate Judge
Johnson's determinations with respect to the discovery matters at issue were clearly erroneous, or
contrary to law, those determinations shall not be disturbed.

This Court concludes that Magistrate Judge Johnson's Orders were not clearly erroneous

nor contrary to law. Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Defendant's Appeal [DE 100] from and Objections to Order of Magistrate Judge Linnea R. Johnson [DE 96] granting Plaintiff's Motion to Compel is hereby OVERRULED and Magistrate Judge Linnea R. Johnson's Order [DE 96] granting Plaintiff's Motion to Compel is hereby affirmed, and

2. Defendant's Appeal [DE 111] from Order of Magistrate Judge Linnea R. Johnson granting Plaintiff's Motion to Compel [DE 110] is hereby OVERRULED and Magistrate Judge Linnea R. Johnson's Order [DE 110] granting Plaintiff's Motion to Compel is hereby affirmed.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of September, 1999.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Linnea R. Johnson
Daniel R. Levine, Esq./Susan Dolin, Esq.
Caryl L. Boies, Esq.
Michael T. Burke, Esq.
Richard F. Kane, Esq./John Smith, Esq.
Bruce Steen, Esq.

2